· The Kansas City, St. Jo. and Council Bluffs R.R. Co. v. Alderman et al.

BLISS, Judge, delivered the opinion of the court.

There is no error in the record proper in·this case, but if it exist at all would be found in the rulings of the court. Inasmuch, however, as there was no motion for a new trial to enable the court to reconsider such rulings, the judgment will be affirmed. The other judges concur.

———◆———

THE KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS RAILROAD COMPANY, Relator, v. IRA K. ALDERMAN et al. JUSTICES OF NODAWAY COUNTY COURT, Respondents.

1. *Railroads, subscription by County Court for—Mandamus.*—In *mandamus* against the County Court of Nodaway county to compel the issue of certain county bonds in payment of shares of stock in the Missouri Valley Railroad Company: *held,* 1st, that the court might subscribe for the stock without submitting the matter to popular vote (Sess. Acts 1865, pp. 102–3, §§ 10, 11); 2d, that the fact that the road was not completed within the time called for by the contract—there being nothing to show that time was of the essence of the contract, and it appearing that the benefits sought to be derived from the road, and which were the inducements that led to the subscription, had accrued—would constitute no valid defense. If injury resulted from non-performance at the time, there might be an abatement in the shape of damages, but not an entire release from payment.

### *Petition for Mandamus.*

The Missouri Valley Railroad Company was authorized to build a railroad through the county of Nodaway, and the laws under which said company were organized, and which were passed before the new constitution of Missouri took effect, authorized the counties along the line of said railroad to make subscriptions to its stock and to issue bonds in payment thereof, submitting the proposition to take stock to a vote of the people. The County Court of Nodaway county, in 1867, submitted a proposition to the people of said county to subscribe for twelve hundred and fifty shares of the stock of the Missouri Valley Railroad Company, and, as a part of the same proposition, that said county would take one thousand shares in the capital stock of another

railroad company. This proposition was assented to by vote, and afterward, in March, 1869, the county, by its duly authorized agent, subscribed for said twelve hundred and fifty shares of the Missouri Valley Railroad Company, to be paid in the bonds of said county as follows : $40,000 to be paid when said road was finished to Howard's Mills ; $45,000 to be paid when said road was finished to a point within one mile of the court-house of said county, and $40,000 to be paid when the road should be finished to the Iowa State line ; and said subscription stipulated that said road should be finished to a point one mile from said court-house by the first day of May, 1869, and to the Iowa State line by the first day of May, 1870. The road was finished, but it was not finished within the time specified in the subscription.

*Hall & Stringfellow*, for relator.

*Heren & Rea*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

The motion is to strike out part of the respondent's return as constituting no defense to the relator's demand. It seems to me that that part of the return which sets up that there was no legal election is immaterial. Express power was given to the County Courts to take stock in the corporation, by law approved February 18, 1865, without taking the sense of the voters (Sess. Acts 1865, pp. 102–3, §§ 10, 11), and this law was passed before the adoption of the present constitution, and therefore does not come within its prohibitions. That the court did order an election can make no difference. It was competent and proper for the court to consult the people, if it saw proper, before making the subscription, but it was not bound to do so. In this case the court derived its power to subscribe from the law, and not from the voters.

It further seems to me that the allegation that the road was not completed within a certain time constitutes no valid defense. There is nothing to show that time was of the essence of the contract. It is admitted that the road has been built, and that the benefits sought to be derived from it, and which were the

inducements that led to the subscription, have accrued; and when such is the case a party will not be allowed to shirk a just responsibility on such a pretext. If injury has resulted in consequence of non-performance at the time, there may be an abatement in the shape of damages, but not an entire release from payment.

It further seems to me that the other matters moved to be stricken out are purely technical points, and present no substantial defense to the real merits of the case.

I am, therefore, in favor of sustaining the motion, and with the concurrence of the other judges it will be sustained.