(April 4, 1895.)

## JULIAETTA TRAMWAY COMPANY v. VOLLMER.

### [39 Pac. 1115.]

AGREEMENT TO BUILD RAILROAD—INSTRUMENT EXECUTED TO SECURE PERFORMANCE—COURT HOLDS IS A BOND.—V. agreed, in consideration of the conveyance to him by S. of certain lots in the town of J., to construct a railroad to J. by the first day of January, 1891, and to erect or cause to be erected and constructed a depot and certain sidetracks upon the land of S., in said town of J., on or before May 29, 1891, and to secure such performance V. and one H. executed to S. their bond conditioned for the performance of said agreement under a penalty of $6,000. The road was not completed nor the depot and sidetracks, until June 1, 1891. No objection was ever made by S. to the failure to complete the work within the specified time. On August 25, 1893, S. assigned the said bond to plaintiffs, who, on October 27th, brought suit to recover the said sum of $6,000, as the price of the lots so as aforesaid conveyed by S. to V., claiming said bond to be an alternative contract for the sale of land. *Held,* said action could not be sustained.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

J. W. Poe, for Appellants (Stevens & Tillinghast, of Counsel).

This is an action brought by the assignee of a certain bond for the construction of a railroad to the town of Juliaetta. There is no allegation in the complaint of any damage, nor was there any proof introduced by the plaintiff of any damage, nor was there any proof introduced by the plaintiff of any damages for the failure of the defendants to build the railroad within the time specified in the bond. This is a bond given for the performance of three separate and distinct things: 1. The construction of a railroad to Juliaetta; 2. The construction of a sidetrack; 3. The construction of a depot. The first question that arises is whether time was of the essence of that obligation. There is nothing in the obligation itself to show that time was of the essence of the contract, the provisions simply being that the obligors should construct or cause to

be constructed a railroad, etc., on or before the first day of January, 1891. (*Thompson v. Thompson,* 47 Mo. 351; *Steele v. Branch,* 40 Cal. 9; *Knott v. Stevens,* 5 Or. 236; *Front St. etc. R. R. Co. v. Butler,* 50 Cal. 577.) Our next contention is that there are three separate and distinct covenants to perform different acts in the obligation, that the damages therein named can only be regarded as a penalty and not as liquidated damages. (*Tayloe v. Sandiford,* 7 Wheat. 13; *Daley v. Litchfield,* 10 Mich. 38; *Charleston Fruit Co. v. Bond,* 26 Fed. 18; 1 Sedgwick on Damages, sec. 394; Murfree's Official Bonds, 139-141; *Foley v. McKeegan,* 4 Iowa, 1, 66 Am. Dec. 112.) Here was just the trouble with this case. Respondent sued on a bond—a mere naked undertaking upon condition—and he has persuaded the court to go outside of the case and bring in a foreign independent and antecedent transaction, in order that he may patch it and the bond together and call them an alternative contract for the sale of land. The fatal point of all the fatalities in this complaint is that it admits, upon its face, that everything which the bond called for was fully performed more than two years before this action was commenced. The undoubted rule is that where a bond is given for the performance of specific acts the sum named in gross as agreed to be paid for nonperformance is penalty and not liquidated damages. (*Tayloe v. Sandiford,* 7 Wheat. 13; 1 Sedgwick on Damages, sec. 410; Sutherland on Damages, 489.)

James E. Babb, for Respondent.

The question here to be discussed involves a determination of the nature of the suit—whether it is a suit for damages or whether it is a suit for purchase price of real estate. It clearly is not a suit to forfeit a contract and recover back the land conveyed because of failure of performance, in which the question of time being of the essence would be involved. The suit concedes to Vollmer the land he bought, and seeks simply a recovery of that which he promised as a consideration for the land conveyed to him. It will not be contended after considering the nature of the transaction that Schupfer made the deed to Vollmer as a gift. Equally certain it is, that the making of the agreement sued on did not of itself pay for the

land deeded and that the same remained after that to be paid for. (*Pearson v. Williams,* 24 Wend. 244, 26 Wend. 630; Sedgwick on Damages, 5th ed., 470; 2 Warvelle on Vendors, 981; *Appeal of McDaniel* (Pa.), 12 Atl. 154; Bishop on Contracts, sec. 786; *Marlor v. Texas etc. Co.,* 21 Fed. 383; *Choice v. Mosely,* 1 Bailey (S. C.) 136, 19 Am. Dec. 661; *Roberts v. Beatty,* 2 Penr. & W. 63, 21 Am. Dec. 424, note; *Bennet v. McGillan,* 28 Fed. 411; *McGillin v. Bennett,* 132 U. S. 445, 10 Sup. Ct. Rep. 122; *Cummings v. Dudley,* 60 Cal. 383, 44 Am. Rep. 58; 6 Am. & Eng. Ency. of Law, 251; *City of Indianola v. Gulf etc. Ry.,* 56 Tex. 595.) The rule that where one party has performed a contract of construction for another, he may recover the contract price, although he did not perform it within the precise time stipulated, subject to counterclaim of such damages as are alleged and proved according to recent and high authority, applies only to cases where the thing to be constructed will, when completed, belong to the promisee, and not to cases such as this, where his only interest is a benefit resulting, more or less, remotely therefrom. (*Cincinnati etc. R. Co. v. Bensley* (Cir. Ct. App. 6th Cir.), 51 Fed. 738, per Justice Brown; *Railway Co. v. Thompson,* 24 Kan. 170, per Justice Brewer; *McMannus v. Duluth etc. Ry. Co.,* 51 Minn. 30, 52 N. W. 980.) From the nature of the transaction and the instrument sued upon, time would in equity be considered of the essence. (Bispham's Equity, 3d ed., 448; *Green v. Covillaud,* 10 Cal. 317, 70 Am. Dec. 725; *Carter v. Phillips,* 144 Mass. 100, 10 N. E. 500; *Durant v. Comegys,* 3 Idaho, 204, 28 Pac. 425; *Sanderson v. Burdett,* 16 Grant Ch. 119; *Steele v. Branch,* 40 Cal. 9.) If there be any doubt whether $6,000 would be so out of proportion to the resulting damages as to be required to be held a penalty, the burden was on appellants to have shown what the real damage would be, as a basis for decision. Appellants having failed so to do, the amount they agreed to, should be held a liquidated sum. (*De Graff etc. Co. v. Wickham,* 52 N. W. 503.)

HUSTON, J.—This is an action brought upon an instrument in writing, which is as follows:

"Exhibit 'B.'

"Know all men by these presents, that we, John P. Vollmer, of Lewiston, Idaho territory, and H. S. Huson, of Tacoma, state of Washington, are held firmly bound unto Rupert Schupfer, of Juliaetta, Idaho territory, in the sum of six thousand dollars ($6,000), to be paid to the said Rupert Schupfer, his executors, administrators, or assigns, for which payment well and truly to be made we bind ourselves, our heirs, administrators, executors, and assigns, jointly and severally, by these presents. Sealed with our seals, and dated this fourteenth day of June, A. D. 1890. The condition of the above obligation is the executing and delivering to J. P. Vollmer by said Rupert Schupfer of a deed to certain town lots in the town of Juliaetta, Latah county, Idaho territory, bearing date of 14th of June, 1890, which said deed has been executed and delivered. The condition of above obligation is such that if the above bounden obligors shall on or before the first day of January, 1891, construct or cause to be constructed a railroad to said town of Juliaetta, with sidetrack, and on or before May 29, 1891, construct or cause to be constructed a depot adjacent to said sidetrack in the northwest quarter of the southwest quarter of section three (3), township 37 north, range 3 west, Boise meridian, Latah county, Idaho territory, then this obligation be null and void; otherwise to remain in full force and effect. JNO. P. VOLLMER,

"H. S. HUSON.

"Witnesses:
  "C. E. HUSON,
  "C. C. VAN ARSDEL."

Plaintiff had judgment in the district court for $6,000, and interest at ten per cent per annum from January 1, 1891. This appeal is from the judgment and the order denying a new trial.

The principal contention here is upon the construction of the instrument in writing above set forth. It is contended by the respondent that said writing is an alternative contract for the sale of land, while appellants claim that it is a bond for the construction of a railroad, etc. Counsel for respondent has

presented us with an able, ingenious, and voluminous brief and argument in support of his contention. It will be conceded, we apprehend, that, in construing written instruments of this kind, the court should endeavor to give them that interpretation which will carry out the intention of the parties as understood by them at the time the writing was executed; and, should there be any ambiguity in the writing, the court will resort to the circumstances under which it was made, and which prompted its execution. Upon its face this writing seems to us to be a bond to secure the performance of certain services, to wit, the building of a railroad to the town of Juliaetta, in the county of Latah, state of Idaho. The facts, as they appear from the record, are substantially as follows: On the fourteenth day of June, 1890, one Rupert Schupfer was the owner of a certain tract of land in the town of Juliaetta, aforesaid. Being desirous of increasing the value of said land, he made an arrangement with John P. Vollmer, one of the appellants, whereby it was agreed between them that, in consideration of the conveying to him, the said Vollmer, by said Schupfer, of eighty-five lots of land, presumably a portion of the land heretofore mentioned as being owned by said Schupfer in the town of Juliaetta, said Vollmer agreed to construct, or cause to be constructed, a railroad to said town of Juliaetta by the first day of January, 1891, and to construct, or cause to be constructed, by the twenty-ninth day of May, 1891, certain sidetracks and depot. It is conceded that the railroad, depot, and sidetracks were not constructed and completed by the first day of January, 1891, the time stipulated in the bond or writing, but that they were fully completed by the first day of June, 1891. No objection was ever made by Schupfer on account of the failure of Vollmer to finish the construction of the railroad, etc., by the time stipulated in the bond. One of the benefits resulting from the construction of the railroad was the construction of the tramway owned by the respondent, in which construction it is claimed it expended about $25,000, and an increase in value of the real estate of Schupfer about one hundred per cent, as stated. It does not appear that any exception was ever taken by Schupfer to the failure of Vollmer to complete the railroad, etc., within the time speci-

fied.   On or about the twenty-fifth day of August, 1893, Schupfer assigned said bond to the respondent; and on the twenty-seventh day of October, 1893, this suit was instituted.   This seems to have been the first intimation that respondent had of any claim against it for failure to complete the work in the time stipulated.   The instrument, upon its face, purports to be a bond given by Vollmer and Huson to secure the performance of certain services to be performed by Vollmer.   No part of the consideration for the services to be performed runs to Huson.   There is no description of the lands conveyed, nor of the railroad, etc., to be constructed.   In fact, the instrument contains none of the usual requisites of a contract for the conveyance of land.   The land was already conveyed, the contract, so far as Schupfer was concerned, was executed, and the consideration paid, and, to secure performance on the part of Vollmer, the bond was executed on the part of Vollmer and Huson, wherein the penalty for nonperformance was fixed at $6,000—a common, ordinary business transaction, the anticipated benefits flowing from which the obligee had received in full before the assignment of the bond by him to the respondent.

We have examined with much care the most of the cases cited by the respondent, but have found none which militate against the conclusion we have reached.   In the case of *City of Indianola v. Gulf etc. Ry.,* 56 Tex. 594, which seems to be one of the cases most confidently relied upon by counsel, there was a failure to complete the road at all in accordance with the agreement.   There was no question of time in the Texas case.   There was a complete and absolute failure and refusal to complete the road.   And the same may be said of the case of *Pearson v. Williams,* 26 Wend. 630.   It nowhere appears in the record that $6,000 was the agreed price of the lots conveyed by Schupfer to Vollmer, or that the sum was the estimated value of said lots.   The proposition that the $6,000 expressed in the bond was intended either as the price of the land, if the instrument should be construed as an alternative contract for the sale of land, or as stipulated damages should the writing turn out to be what upon its face it was clearly intended for, to wit, a bond for the building of a railroad,

while it seems to have obtained lodgment with the district court, we cannot recognize. There is nothing in the complaint that would support a judgment for damages, and it does not appear that the question of damages was raised or inquired into on the trial. The case was instituted and tried upon the theory that the instrument sued upon is an alternative contract for the sale of land, and it is upon that theory that recovery must be had, if at all. In the case of *Railroad Co. v. Alderman,* 47 Mo. 349, the court says: "It is admitted that the road has been built, and that the benefits sought to be derived from it, and which were the inducements that led to the subscription here, accrued; and, when such is the case, a party will not be allowed to shirk a just responsibility on such a pretext"; i. e., that the road was not completed within the stipulated time. This rule is peculiarly applicable to the case under consideration, and with it we are in accord.

It is claimed by appellants that respondent failed to prove its corporate existence. We do not think that contention is supported by the evidence. There are some other questions raised by the record, but we do not deem them essential to a decision of this case. Our conclusion is that the instrument sued upon is a bond for the performance of the services therein stated, to wit, the constructing of a railroad to the town of Juliaetta, and construction of certain sidetracks and depot in connection therewith, and that such was intended to be the object and purport of the instrument by all the parties thereto at the time of its execution; that time was not understood or agreed to be of the essence of the contract at the time it was made by any of the parties; that the condition of the bond has been fully and entirely filled by the obligors; and that the same was recognized and acquiesced in by the original obligee for two years. The judgment of the district court is reversed, with directions to enter judgment for defendants; costs to appellants.

Case No. 26, same title as this case, being between same parties, and in relation to same subject matter, was by agreement of counsel, heard together with this case; and, it being stipulated that the judgment in one case should obtain in both, the

same judgment will be entered in each case, except that, there being no necessity for separate appeals from the judgment and the order denying the motion for a new trial, the costs of this appeal are awarded to respondent.

Morgan, C. J., and Sullivan, J., concur.